**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

NANCY GARCIA-TIEMAN,

    Plaintiff,

v.                                          Case No. 20-81735-CIV-DIMITROULEAS

GORDON FOOD SERVICE STORE LLC

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, GORDON FOOD SERVICE STORE LLC ("Defendant"), answers the Complaint filed by Plaintiff, NANCY GARCIA-TIEMAN ("Plaintiff"), as follows:

### JURISDICTION AND VENUE

1. Defendant admits Plaintiff alleges this is an action involving claims in excess of $30,000, but denies that Plaintiff has stated a valid claim or is entitled to any relief sought in the Complaint.

2. Defendant acknowledges that Plaintiff has brought an action pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01, et. seq., but denies any basis in fact or law for such action, that it committed any unlawful acts, or that Plaintiff is entitled to any recovery whatsoever against it.

3. Defendant admits jurisdiction is properly alleged, but denies any basis in fact or law for such action, that it committed any unlawful acts, or that Plaintiff is entitled to any recovery whatsoever against it.

4. Defendant is without sufficient knowledge or information upon which to form a belief as to the intended meaning of the phrase "all times material hereto," and therefore denies

the period alleged. Defendant is further without sufficient knowledge or information upon which to form a belief as to Plaintiff's residency and capacity and neither admits nor denies same but leaves the Plaintiff to her proof(s).

5. Defendant admits that GORDON FOOD SERVICE STORE LLC has a principal address at 1300 Gezon Parkway, SW Wyoming, Michigan, 49501 but denies the remainder of the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that it maintains a location at 4895 Okeechobee Boulevard, West Palm Beach, Florida 33417 and admits that Plaintiff worked at that location for a period of time; Defendant denies the remainder of the allegations in Paragraph 6 of the Complaint.

7. Defendant admits that it does business in Florida, including Palm Beach County; Defendant is without sufficient knowledge or information upon which to form a belief as to the intended meaning of the phrase "all times material hereto," and therefore denies the period alleged and any remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits that venue is proper, but denies any basis in fact or law for such action, or that it committed any unlawful acts that would give rise this cause of action.

9. Defendant admits Plaintiff was employed by Defendant in Palm Beach County; Defendant is without sufficient knowledge or information upon which to form a belief as to the intended meaning of the phrase "all times material hereto," and therefore denies the period alleged and any remaining allegations in Paragraph 9 of the Complaint.

## EXHAUSTION OF REMEDIES

10. Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") that was dual filed with the Florida Commission on Human Relations ("FCHR"); Defendant further admits that Exhibit I to the

Complaint is a Charge of Discrimination presented to both the EEOC and the FCHR; the attached document speaks for itself and Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s).

11. Defendant admits that Plaintiff alleges that more than 180 days have passed since Plaintiff filed her charge with the EEOC and FCHR.

## COMMON ALLEGATIONS

12. Defendant admits that it employed Plaintiff from December 18, 2011 until May 31, 2019.

13. Defendant admits that Plaintiff was initially hired in the position of store manager in training and that at the time of Plaintiff's separation she was a store manager; Defendant denies any remaining allegations in Paragraph 13 of the Complaint.

14. Denied.

15. Defendant admits only that in 2014, the Boynton Beach store received the "Pinnacle" award, and that in 2017, the Boynton Beach store received the "Sales Championship" award; Defendant denies the remainder of the allegations in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff received performance evaluations. Any such document speaks for itself and Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s).

17. Defendant admits only that from June 10, 2018 until November 18, 2018 Plaintiff's direct supervisor was Thomas Gonzalez; Defendant denies any remaining allegations in Paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. Defendant admits that Ethan White complained to Human Resources; Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21. Defendant admits only that it conducted an investigation and that Plaintiff participated in the investigation; Defendant is without sufficient knowledge or information upon which to form a belief as to whether or not Plaintiff "disclosed all of the sexual harassment that she had been experiencing from Mr. Gonzalez" and therefore leaves Plaintiff to her proofs.

22. Denied.

23. Defendant admits only that on November 11, 2018, Defendant was demoted to store manager in a different location than Plaintiff; Defendant denies that it had knowledge of any alleged discriminatory acts while Gonzalez was Plaintiff's direct supervisor and denies the remainder of the allegations in Paragraph 23 of the Complaint.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant admits only that Plaintiff filed a Charge of Discrimination with the EEOC that was dual filed with the FCHR; Defendant denies that there is any basis in fact or law to support the allegations in the Charge and Defendant denies the remainder of the allegations in Paragraph 28 of the Complaint.

## COUNT I
## DISCRIMINATION UNDER
## FLORIDA STATUTE § 760.01, ET. SEQ.,
## FLORIDA CIVIL RIGHTS ACT

Defendant hereby incorporates by reference the answers to paragraphs 1 through 28, as though same were fully set forth herein.

29. The allegations contained in Paragraph 29 call for a legal conclusion and therefore Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s).

30. The allegations contained in Paragraph 29 call for a legal conclusion and therefore Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s).

31. Denied.

32. Defendant is without sufficient knowledge or information upon which to form a belief, as so neither admits nor denies same but leaves Plaintiff to her proofs, as to the allegations of numerous physical advances and comments of a sexual nature by her manager, including:

> a. whether he would ask her out,
>
> b. whether he would walk her to her car, inquire about her plans for the evening and the like,
>
> c. whether, on a business trip with managers, he made advances, including touching her on the arm,
>
> d. whether, during the same trip, her boss got on her bed and under the covers, and whether after asking him to leave, he did not, whether she left the room and he was still there when she returned,
>
> e. whether he often invited her to lunch during working hours, whether she felt obligated to go, whether he prompted her to sit next to him and whether such made her uncomfortable.

33. Denied.

34. Defendant admits only that Plaintiff dual filed a Charge of Discrimination with the EEOC and FCHR. Defendant denies the remainder of the allegations in Paragraph 34 of the Complaint.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendant acknowledges that Plaintiff seeks punitive damages under the FCRA, but denies any basis in fact or law for award of such damages to Plaintiff, and denies Plaintiff is entitled to any such relief. Defendant denies the remainder of the allegations in Paragraph 42 of the Complaint.

43. Defendant is without knowledge or information regarding Plaintiff's selection of counsel and leaves Plaintiff to her proof; Defendant denies the remainder of the allegations in Paragraph 43 of the Complaint.

44. The allegations contained in Paragraph 44 call for a legal conclusion and therefore Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s); Defendant denies the remainder of the allegations in Paragraph 44 of the Complaint.

45. Defendant admits only that more than 180 days have passed since Plaintiff dual filed a Charge of Discrimination with the EEOC and FCHR and that Plaintiff attached Exhibit I to the Complaint; the attached document speaks for itself and Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s). Defendant denies the remainder of the allegations in Paragraph 45 of the Complaint.

46. Defendant denies that Plaintiff suffered damages, and denies that Plaintiff is entitled to any reward of general damages, compensatory damages, punitive damages, or prejudgment interest; Defendant denies Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to the FCRA; and Defendant denies that Plaintiff is entitled to any such other relief alleged.

In response to the "WHEREFORE" clause following Paragraph 46 of the Complaint, Defendant denies the allegations contained therein, denies Defendant committed any unlawful acts, and denies that Plaintiff is entitled to any relief, including: general damages, compensatory damages, punitive damages, or prejudgment interest, reasonable attorneys' fees and costs pursuant to the FCRA, or any such other relief alleged.

## COUNT II
## RETALIATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§2000E ET SEQ., AND THE FLORIDA CIVIL RIGHTS ACT, §760

Defendant hereby incorporates by reference the answers to paragraphs 1 through 28, as though same were fully set forth herein.

47. Defendant admits only that Plaintiff participated in an investigation and during the investigation reported allegations regarding Gonzalez to Human Resources. Defendant denies the remainder of the allegations in Paragraph 47 of the Complaint.

48. The allegations contained in Paragraph 48 call for a legal conclusion and therefore Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s)

49. Denied.

50. Defendant admits only that more than 180 days have passed since Plaintiff dual filed a Charge of Discrimination with the EEOC and FCHR and that Plaintiff attached Exhibit I to the Complaint; the attached document speaks for itself and Defendant neither admits nor

7

denies same but leaves the Plaintiff to her proof(s). Defendant denies the remainder of the allegations in Paragraph 50 of the Complaint.

51. Denied.

52. The allegations contained in Paragraph 52 call for a legal conclusion and therefore Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s)

53. Denied.

54. Denied.

55. Defendant denies Plaintiff has suffered damages, including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, or loss of opportunities and the like as a result of Defendant's conduct whether through its agents, employees, or representatives.

56. To the extent the allegations contained in Paragraph 56 call for a legal conclusion, Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s). Defendant denies all remaining allegations in Paragraph 56 of the Complaint.

57. Denied.

58. To the extent the allegations contained in Paragraph 58 call for a legal conclusion, Defendant neither admits nor denies same but leaves the Plaintiff to her proof(s). Defendant denies any remaining allegations in Paragraph 58 of the Complaint.

In response to the "WHEREFORE" clause following Paragraph 58 of the Complaint, including all subparts thereto, Defendant denies the allegations contained therein, denies that Defendant committed any unlawful acts, and denies that Plaintiff is entitled to any relief, including general and compensatory damages, punitive damages, prejudgment interest, or attorneys' fees and costs, or any such other relief alleged.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant denies every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer.  Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.  Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery.  Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

## **FIRST DEFENSE**

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## **SECOND DEFENSE**

All actions taken by Defendant and its agents with regard to Plaintiff were based on legitimate and reasonable business factors, and not in any way related to any discriminatory intent.

## **THIRD DEFENSE**

Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-retaliatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to retaliate.

## **FOURTH DEFENSE**

Defendant's actions with regard to Plaintiff's employment were job-related and consistent with business necessity.

**FIFTH DEFENSE**

Any improper, illegal, or retaliatory acts taken against Plaintiff by any employee of Defendant occurred outside of the course and scope of employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

**SIXTH DEFENSE**

Defendant exercised reasonable care to prohibit, prevent, and promptly correct discriminatory, retaliatory or unlawful behavior, if any. Defendant has a policy prohibiting discrimination and retaliation and a procedure by which its employees should inform it of any such complaints. The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged discrimination and retaliation. Defendant cannot be held liable for alleged injuries where Plaintiff failed to take advantage or use preventative or corrective procedures provided in due care by Defendant to avoid harm or for acts of its employees committed outside the scope of employment.

**SEVENTH DEFENSE**

Defendant exercised reasonable care to prohibit, prevent and correct promptly harassing and/or retaliatory or unlawful behavior, if any. Defendant has a policy prohibiting harassing and/or retaliatory or unlawful behavior, and a procedure by which its employees should inform it of any such complaints. The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged harassing and/or retaliatory or unlawful behavior. To the extent Plaintiff alleges harassing and/or retaliatory or unlawful behavior, Defendant cannot be held liable for alleged injuries where Plaintiff failed to take advantage or

use preventative or corrective procedures provided in due care by Defendant to avoid harm or for acts of its employees committed outside the scope of employment.

### EIGHTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

### NINTH DEFENSE

To the extent Plaintiff's cause of action, claim and item of damages did not accrue within the time prescribed by law for them before this action was brought, such claims must be dismissed.

### TENTH DEFENSE

Plaintiff's claims are barred, either in whole or in part, by the applicable statute of limitations.

### ELEVENTH DEFENSE

Defendant reserves the right to assert the after-acquired evidence defense should Defendant uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar any recovery of damages by Plaintiff.

### TWELFTH DEFENSE

Plaintiff's claim is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

**THIRTEENTH DEFENSE**

At all times relevant to this suit, Defendant acted in good faith with regard to Plaintiff, and had reasonable grounds for believing that its actions were not in violation of any law, rule, or regulation.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies, or brings claims or relies upon facts that exceed the scope of or are inconsistent with Plaintiff's FCHR and EEOC charge(s), or are time barred by the applicable limitations period for such claims. Further, Plaintiff must exhaust all mandatory administrative remedies.

**FIFTEENTH DEFENSE**

Plaintiff's alleged damages are speculative and uncertain, or both, and therefore non-compensable.

**SIXTEENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands must be set off against or reduced by any wages, compensation or other benefit received by Plaintiff or which was earnable or receivable with the exercise of due diligence by Plaintiff.

**SEVENTEENTH DEFENSE**

Plaintiff's damages, including their claims for liquidated damages, penalties, and pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.

**EIGHTEENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's alleged damages are controlled and/or are limited by the damages caps imposed by state law and Constitutional limits.

**NINETEENTH DEFENSE**

The punitive damages demanded in the Complaint are barred in whole on the grounds that Plaintiff failed to allege any actionable conduct on behalf of Defendant that would support an award for punitive damages.

**TWENTIETH DEFENSE**

In the alternative, the punitive damages demanded in the Complaint are barred in whole on the grounds that any actionable conduct on behalf of Defendant was not willful, wanton, or negligent, such that no punitive damages should be awarded.

**TWENTY-FIRST DEFENSE**

To the extent Plaintiff failed to satisfy all conditions precedent prior to filing this action, the Complaint and alleged damages are barred and/or limited in whole or in part.

**TWENTY-SECOND DEFENSE**

To the extent that Plaintiff failed to engage in valid protected activity under either Chapter 440, Florida Statutes, or Title VII of the Civil Rights Act of 1964, or other state and federal law, Plaintiff is barred from recovery.

**TWENTY-THIRD DEFENSE**

Plaintiff waived, and/or is estopped from asserting, claims to the extent they are based on an alleged failure to pay wages because Plaintiff did not timely advise Defendant of any alleged mistakes in payment, underpayments, or failure by Defendant to adhere to the agreed upon

compensation, or because Plaintiff already received all compensation to which Plaintiff is entitled.

### TWENTY-FOURTH DEFENSE

To the extent that Plaintiff's damages alleged were incurred or exacerbated by Plaintiff's acts, or failures to act, Plaintiff's damages as alleged in the Complaint are barred or must be reduced pursuant to the doctrine of avoidable consequences.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded their costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

Dated:  October 1, 2020	Respectfully submitted,

*/s/ Karen M. Morinelli*
Karen M. Morinelli, FL Bar No. 0818275
Eliza N. Horne, FL Bar No. 1018588
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL, 33602
Telephone:  813.221.7239
Facsimile:  813.289.6530
karen.morinelli@ogletree.com
eliza.horne@ogletree.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 1, 2020, I electronically filed the foregoing with the Court using the CM/ECF system, which will serve a copy of this document electronically to all counsel of record.

*/s/ Karen M. Morinelli*
Attorney

44426966.1